**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | |
| Plaintiff-in-Interpleader, | |
| v. | Case No.  5:26-cv-2451 |
| KELSEA BELLOWS, ARRETUS ROBERTSON, JOHN ENGLISH, CHRISTINE ANDERSON, LAURETTA KING, CLYDE DONLEY, ASHLEY HOPP, and KEVIN DONLEY, | |
| Defendants-in-Interpleader. | |

**Complaint for Interpleader**

Plaintiff Metropolitan Life Insurance Company ("MetLife"), by and through its undersigned counsel, hereby files this Complaint for Interpleader against Defendants Kelsea Bellows, Arretus Robertson, John English, Christine Anderson, Lauretta King, Clyde Donley, Ashley Hopp, and Kevin Donley, (collectively the "Defendants").  In support thereof, MetLife states as follows:

**Nature of Action**

1.    This is an interpleader action to resolve competing claims among the Defendants regarding the death benefit proceeds (the "Plan Benefits") of a MetLife

1

Basic Life Insurance Policy provided through the Caterpillar Inc. Basic Life Benefits Plan, Group No. 0121180 (the "Plan"), issued on the life of John English ("Mr. English").

2.    MetLife has determined that the Plan Benefits are payable, is indifferent to and has no stake regarding which of the Defendants is entitled to the Plan Benefits and seeks an Order from this Court permitting it to deposit the Plan Benefits with the Court Registry and discharging MetLife from further liability as to the Plan Benefits.

## Parties and Jurisdiction

3.    MetLife is an insurance company duly organized and existing under the laws of the State of New York with its principal place of business in New York, New York.

4.    Kelsea Bellows is a citizen and domiciliary of Dubuque County, Iowa. Kelsea Bellows was identified on the 2014 Beneficiary Change form as Kelsea English and, upon information and belief, has since married and changed her last name.

5.    Arretus Robertson is a citizen and domiciliary of Adams County, Colorado.

6.    John English is a citizen and domiciliary of Kendall County, Illinois.

2

7.      Christine Anderson is a citizen and domiciliary of Northampton County, Pennsylvania.  Christine Anderson was identified on the 1998 Beneficiary Change form as Christine English and, upon information and belief, has since married and changed her last name.

8.      Lauretta King is a citizen and domiciliary of Kendall County, Illinois.

9.      Clyde Donley is a citizen and domiciliary of Ascension Parish, Louisiana.

10.     Ashley Hopp is a citizen and domiciliary of Fond du Lac County, Wisconsin.

11.     Kevin Donley is a citizen and domiciliary of Kane County, Illinois.

12.     This Court has subject matter jurisdiction over this interpleader action pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1331, in that this matter relates to an employee welfare plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001-1461, and, as such, arises under the laws of the United States and therefore raises a federal question. This Court's original jurisdiction is therefore founded upon ERISA § 502(e)(1), and 29 U.S.C. § 1132(e)(1).

13.     Being a statutory interpleader under 28 U.S.C. § 1335, this Court has personal jurisdiction over the defendants pursuant to 28 U.S.C. § 2361.

3

14.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action occurred within this District, and at least one of the defendants resides within this district.

15.    Pursuant to 28 U.S.C. § 1335(a) and Fed. R. Civ. P. 67, MetLife will hereafter file a motion for interpleader of proceeds, discharge, dismissal with prejudice, and attorney's fees and costs seeking leave to deposit the Plan Benefits into the registry of this Court.

## Factual Background

16.    Mr. English was a participant in the Plan.  MetLife issued a group Life Insurance Policy, Group No. 0121180, that funds the life insurance benefits under the Plan.  A true and correct copy of the Plan is attached hereto as Exhibit A.

17.    On or about June 8, 1998, Mr. English submitted a Beneficiary Designation form to designate David English,[1] Mr. English's son, as the primary beneficiary and Christine Anderson, Mr. English's daughter, as the contingent beneficiary of the Plan Benefits. A true and correct copy of the 1998 Beneficiary Designation for is attached hereto as Exhibit B.

18.    On or about February 6, 2014, Mr. English submitted a Beneficiary Designation form to designate the following beneficiaries and share allotments:

---

[1] David English, the son of the decedent, predeceased his father.

Christine Anderson (1/8), Teresa English (1/8),[2] John English (1/8), Kevin Donley (1/8), Lauretta King (1/8), Clyde Donley (1/8), Arretus Robertson (1/8), Ashley Hopp (1/16), and Kelsea Bellows (1/16).  A true and correct copy of the 2014 Beneficiary Designation form is attached hereto as Exhibit C.

19.    MetLife rejected this Beneficiary Designation. Upon a later review, MetLife determined that the rejection was in error.

20.    On or about November 30, 2018, MetLife sent Mr. English a Beneficiary Confirmation for his review that identified John English as the 100% primary beneficiary and Christine Anderson as the 100% contingent beneficiary of the Plan Benefits.  The Beneficiary Confirmation instructed Mr. English to contact MetLife's Customer Service Center if the information reflected on the Beneficiary Confirmation was not correct.  Mr. English did not contact MetLife about the 2018 Beneficiary Confirmation.

21.    Mr. English passed away on December 10, 2025.

22.    On or about December 17, 2025, MetLife received a completed claim form for the Plan Benefits completed by Christine Anderson.

23.    On or about February 4, 2026, MetLife received a completed claim form for the Plan Benefits completed by Clyde Donley.

---

[2] Teresa English, the former spouse of the decedent, predeceased her husband.

24.  On or about February 4, 2026, MetLife received a completed claim form for the Plan Benefits completed by Kevin Donley.

25.  On or about February 4, 2026, MetLife received a completed claim form for the Plan Benefits completed by Ashley Hopp.

26.  On or about February 4, 2026, MetLife received a completed claim form for the Plan Benefits completed by Arretus Robertson.

27.  On or about February 4, 2026, MetLife received a completed claim form for the Plan Benefits completed by Kelsea Bellows.

28.  On or about February 4, 2026, MetLife received a completed claim form for the Plan Benefits completed by John English.

29.  On or about February 10, 2026, MetLife received a completed claim form for the Plan Benefits completed by Lauretta King.

30.  The Plan Benefits are approximately $75,132.00.

31.  MetLife has received colorable competing claims to the Plan Benefits.

32.  MetLife advised the Defendants that it is ready and willing to meet its responsibilities under the Plan.

33.  MetLife has no interest in the Plan Benefits and seeks only to pay the Plan Benefits to the rightful recipient. MetLife cannot safely determine the proper beneficiary or beneficiaries of the Plan Benefits at issue and, as a mere stakeholder,

has no interest in the total benefits payable. MetLife therefore respectfully requests that this Court determine to whom such benefits should be paid.

34.     Based on the foregoing, it has become necessary for MetLife to file this interpleader action in this Court.

## Count I – Interpleader

35.     MetLife has determined that the Plan Benefits are payable pursuant to the terms of the Plan.

36.     The claims of the Defendants are adverse and conflicting, and MetLife is unable to fully determine which party has the legal rights to the Plan Benefits.

37.     MetLife is therefore in the position of an innocent stakeholder faced with the possibility of multiple liability on a single obligation and incidental costs.

38.     MetLife has, at all times, been willing to perform all contractual obligations to the rightful beneficiary(ies), and is ready, willing, and able to tender the Plan Benefits to the Clerk of the Court or other Court-ordered escrow representative.

39.     MetLife has filed this Complaint for Interpleader of its own free will to avoid multiple liabilities and unnecessary suits and costs, and unconditionally tenders the disputed contractual obligations coming due under the Employee Benefit Plan into the Court's registry.  MetLife will abide by and perform in accordance with the judgment of this Court.

40.     Upon depositing the Plan Benefits as directed by this Court, MetLife should be dismissed with prejudice from any further involvement or participation in this action. Thereafter, the Defendants should be required to interplead with each other to determine their respective rights, if any, to the Plan Benefits.

41.     Although MetLife does not currently seek attorneys' fees, it reserves the right to seek its costs and fees related to this interpleader action prior to its deposit of the Plan Benefits with the Clerk of Court or other Court-ordered escrow representative.

**<u>Prayer for Relief</u>**

**WHEREFORE**, Plaintiff Metropolitan Life Insurance Company requests:

a.      That Defendants be required to interplead together their conflicting beneficiary claims to MetLife Basic Life Insurance Policy provided through the Caterpillar Inc. Basic Life Benefits Plan, Group No. 01211800, issued on the life of John English;

42.     That Defendants be restrained and enjoined from instituting or prosecuting any action or proceeding in any State or United States Court affecting MetLife Basic Life Insurance Policy provided through the Caterpillar Inc. Basic Life Benefits Plan, Group No. 0121180, issued on the life of John English;

43.     That the Court enter an order granting MetLife's forthcoming Motion For Interpleader Of Proceeds, Discharge, Dismissal With Prejudice, And Attorney's

Fees And Costs regarding the contractual obligations due under MetLife Basic Life Insurance Policy provided through the Caterpillar Inc. Basic Life Benefits Plan, Group No. 0121180, issued on the life of John English, into the registry of this Court;

b.    That the Court enter a declaratory judgment awarding the proceeds of MetLife Basic Life Insurance Policy provided through the Caterpillar Inc. Basic Life Benefits Plan, Group No. 0121180, issued on the life of John English, and the rights thereunder to the rightful beneficiary(ies) of the Plan Benefits;

c.    That MetLife is released and discharged from all liability to any party to this action on account of the matters relating to the beneficiary(ies) of MetLife Basic Life Insurance Policy provided through the Caterpillar Inc. Basic Life Benefits Plan, Group No. 0121180, issued on the life of John English, conditioned only upon the compliance by MetLife with the future order or judgment of the Court concerning the Plan or Plan Benefits;

d.    That MetLife be awarded its reasonable costs and attorney's fees; and

e.    Such other and further relief, at law or in equity, to which MetLife may be justly entitled.

[*Signature on page to follow*]

9

Dated: April 14, 2026                    Respectfully Submitted:

                                         /s/ *Gabriella I. Gutierrez*
                                         Gabriella I. Gutierrez (PA Bar No. 338297)
                                         Faegre Drinker Biddle & Reath LLP
                                         FAEGRE DRINKER BIDDLE & REATH LLP
                                         One Logan Square, Suite 2000
                                         Philadelphia, PA 19103
                                         Phone: (215) 988-2707
                                         Facsimile: (215) 988-2757
                                         gabriella.gutierrez@faegredrinker.com

                                         *Attorney for Plaintiff*
                                         *Metropolitan Life Insurance Company*

10